

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2007

# Aldridge v. Good

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4487

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Aldridge v. Good" (2007). *2007 Decisions.* Paper 734.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/734

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-276                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4487
_____

JOHN ALDRIDGE,
                                        Appellant

v.

DAVID GOOD, Superintendent; ROBERT MILLER, Plumber;
TONY BARAN, Maintenance Manager; WILLIAM ARCHEY,
Fire Safety Officer
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00253J)
District Judge:  Honorable Kim R. Gibson

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
June 21, 2007

Before:  MCKEE, FUENTES AND VAN ANTWERPEN, CIRCUIT JUDGES

(Filed:    July 18, 2007)
_____

OPINION
_____

PER CURIAM

        John Aldridge appeals from the United States District Court for the Western

District of Pennsylvania's order granting summary judgment in favor of the defendants.

We will dismiss the appeal pursuant to 28 U.S.C. 1915(e)(2)(B).

Aldridge alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated when he was exposed to asbestos during a maintenance repair at SCI-Cresson. Aldridge claims that Defendant Miller, a plumber at the prison, cut through an insulated pipe on December 8, 2004, in order to repair it. According to Aldridge, Miller failed to take precautions to contain the asbestos that came from the pipe, and the powdery substance "covered the floor and wall surfaces." Miller left the pipe exposed and did not return to wrap the pipe until the next day.

The defendants filed a motion to dismiss, or alternatively, a motion for summary judgment, arguing, *inter alia*, that Aldridge had not exhausted administrative remedies. The District Court treated the motion as one for summary judgment and directed Aldridge to respond. Aldridge did. The magistrate judge agreed with the defendants that Aldridge failed to exhaust, and recommended that the defendants' motion be granted. Over Aldridge's objections, the District Court adopted the recommendation, granting summary judgment. This timely appeal followed.

We exercise plenary review over the District Court's decision to grant summary judgment. See Torres v. Fauver, 292 F.3d 141, 145 (3d Cir. 2002). Under 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies before bringing a civil rights action concerning prison conditions, regardless of whether these remedies can provide the inmate with the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001). The Pennsylvania Department of Corrections has a three-tier grievance

system which serves as prisoners' administrative remedy.  See Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004).

The record clearly reflects – and Aldridge concedes – that he did not pursue any steps in the available grievance procedure.  Aldridge maintains that he is entitled to an exception for numerous reasons:  he was ignorant of the law; by the time he had decided to take action the fifteen-day period had elapsed; a fellow inmate had already filed a grievance regarding the same situation; asking for grievance forms causes friction between inmates and officers; and, engaging in the grievance procedure would have "serve[d] no purpose to the relief" he seeks.  Despite Aldridge's assertions, the exhaustion requirement is not excused.  See Booth, 532 U.S. at 739-41 (2001); Spruill, 372 F.3d at 227-30.

Because Aldridge did not exhaust administrative remedies as required by 42 U.S.C. § 1997e(a), the District Court properly granted summary judgment.  Accordingly, the appeal lacks merit, and we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).